United States District Court
Eastern District Of Michigan
Southern Division

United States of America,

        Plaintiff,

vs.

Two Hundred Seventy-Two Thousand,
Nineteen Dollars and Sixteen Cents
($272,019.16) in funds from Citizens
Bank Account: XXXX7788 in the name
of Oyeniran A. Oyewale and Olubunmi
Oyewale; and One Hundred Thirty-Seven
Thousand, One Hundred Sixty-Two
Dollars and Seven Cents ($137,162.07)
in funds from Citizens Bank Account:
XXXX5138 in the name of For His Glory
Project DBF Oyeniran A. Oyewale,

        Defendants *in rem*.

Case No. 19-cv-12313
Honorable: Avern Cohn
Mag. Judge: Anthony P. Patti

---

## Amended Complaint for Forfeiture

---

NOW COMES Plaintiff, the United States of America, by and through Saima S. Mohsin, Acting United States Attorney for the Eastern District of Michigan, and Michael El-Zein, Assistant United

States Attorney, and states upon information and belief in support of this Complaint for Forfeiture as follows:

## Jurisdiction and Venue

1. This is an *in rem* civil forfeiture action pursuant to 18 USC §§ 981(a)(1)(A) and/or (a)(1)(C) as a result of a violation or violations of 18 U.S.C. §§ 1343 ("Wire Fraud") and 1957 ("Money Laundering").

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the United States' claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. §§ 1395(a)-(b) as the Defendants *in rem* were found and seized in the Eastern District of Michigan.

## **Defendants *in rem***

6. The Defendants *in rem* consist of:

   a. Two Hundred Seventy-Two Thousand, Nineteen Dollars and Sixteen Cents ($272,019.16) in funds from Citizens Bank Account: XXXX7788 in the name of Oyeniran A. Oyewale and Olubunmi Oyewale; and

   b. One Hundred Thirty-Seven Thousand, One Hundred Sixty-Two Dollars and Seven Cents ($137,162.07) in funds from Citizens Bank Account: XXXX5138 in the name of For His Glory Project DBF Oyeniran A. Oyewale.

7. The Defendants *in rem* were seized on March 5, 2019, pursuant to a federal seizure warrant issued in the Eastern District of Michigan by United States Magistrate Judge Elizabeth A. Stafford.

8. The Defendants *in rem* were seized as property subject to civil and/or criminal forfeiture as property which: (1) constitutes or is derived from proceeds traceable to Wire Fraud; and/or (2) constitutes or is derived from proceeds traceable to Money Laundering, and/or property involved in Money Laundering.

3

## Underlying Criminal Statutes

9. 18 U.S.C. § 1343 prohibits wire fraud, providing in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

10. 18 U.S.C. § 1957 prohibits money laundering, providing in pertinent part:

> (a) Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

## Statutory Basis for Civil Forfeiture

11. 18 U.S.C. § 981(a)(1)(A) authorizes the civil forfeiture of the following:

> any property, real or personal, involved in a transaction or attempted transaction in violation of

section 1956, 1957, or 1960 of this title, or any property traceable to such property.

12. 18 U.S.C. § 981(a)(1)(C) authorizes civil forfeiture of, in pertinent part:

> Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

13. 18 U.S.C. § 1956(c)(7)(A) defines "specified unlawful activity" to include any act or activity constituting an offense listed in 18 U.S.C. § 1961(1), except those indictable under subchapter II of Chapter 53 of title 31.

14. 18 U.S.C. § 1961(1) includes violations of 18 USC § 1343 (relating to wire fraud).

15. 18 U.S.C. § 984 provides for the civil forfeiture of fungible property as follows:

> (a)(1) In any forfeiture action in rem in which the subject property is . . . funds deposited in an account in a financial institution . . .
>
> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for forfeiture; and

     (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.

## Factual Basis in Support of Forfeiture

16. The Defendants *in rem* are forfeitable to the United States of America pursuant to 18 U.S.C. § 981, as a result of a violation or violations of 18 U.S.C. §§ 1343 and 1957. Evidence supporting this forfeiture includes, but is not limited to, the following:

17. In September 2018, the United States Secret Service ("USSS") was contacted by Fifth Third Bank concerning Vantiv Worldpay ("Worldpay"), a global payment processing company, to report a suspected fraud in excess of $15,000,000.00 that had been perpetrated against Worldpay, resulting in a total loss to Worldpay in excess of $12,000,000.00.

18. The USSS opened an investigation into the alleged fraud. Through that investigation, the USSS has learned that Touch of Fame Group Company ("TOF Group") and TOF Energy Corporation ("TOF Energy"), by and through its registered agents and officers, committed a wire fraud and money laundering scheme that exploited a loophole in Worldpay's electronic check ("eCheck") processing system.

## Touch of Fame Business

19. TOF Group, formed in Georgia in 2010, had the following Officer Information as of August 2018:

    a. Jyde Adelakun was the Chief Executive Officer with an address of 100 Bull St., Suite 400, Savannah, Georgia 31401. The Savannah address is actually the listed address for the electronic check-processed terminal used to perpetrate the fraud against Worldpay. The registered owner of the check-processing terminal is a victim of identity theft.

    b. Aremu Adelakun was the Registered Agent, with an address in Cumming, Georgia.

    c. Chika Chinwe Obianwu was listed as the Chief Financial Officer with an address of 100 Bull Street, Ste 200, Savannah, GA, 31401, USA.

    d. Oyeniran Oyewale was listed as Secretary, with an address in Providence, Rhode Island.

20. As of August 2021, the above information remained current with the following exceptions:

 a. Chika Chinwe Obianwu is no longer listed as the Chief Financial Officer. The current Chief Financial Officer is listed as Toluleke Fashina, with an address of in Powder Springs, Georgia.

 b. Oyeniran Oyewale is no longer listed as the Secretary. The current Secretary is listed as David Adedeji, with an address in San Antonio, Texas.

21. TOF Energy, formed in Georgia in 2013, had the following Officer Information as of August 2018:

 a. Jyde Adelakun was the Chief Executive Officer with an address of 100 Bull St., Suite 200, Savannah, Georgia 31401.

 b. Lamiz Jones was the Registered Agent, with an address in Alpharetta Georgia.

 c. Norma Smith was listed as the Chief Financial Officer, with an address in New York, New York.

 d. Roland Dedmon was listed as the Secretary, with an address of 100 Bull Street, Ste 200, Savannah, GA, 31401, USA.

22. TOF Energy was involuntarily or administratively dissolved or had its certificate of authority revoked by the State of Georgia on or about August 26, 2019.

## The Fraud Scheme

23. Worldpay is a payment processing company that has offices throughout the United States and the world. Worldpay is partially owned by Fifth Third Bank. According to their website, Worldpay processes payments for merchants and financial institutions, and also provides other business consumer services.

24. TOF Energy registered as a merchant with Worldpay for use of Worldpay's payment processing services in August 2018. At that time, TOF Energy designated Fifth Third Bank account number: XXXXXX6656, held in the name of TOF Group, as the account to receive its eCheck payments.

25. In some cases, Worldpay will send funds to a merchant's account prior to validating that the funds are available from the customer. This is known as an advanced payment. Worldpay processed all of TOF Energy's eCheck payments using this advanced payment method. The funds would become available in the designated Fifth

9

Third Bank account, held in the name of TOF Group, almost immediately after Worldpay's receipt of an eCheck.

26. Whenever an advance payment was made by Worldpay, it was expected that if is there was a problem with the payment the merchant will refund Worldpay and pay a processing fee.

27. In or around August 2018, Adelakun, Obianwu, and/or others involved in the fraud ran approximately 329 fraudulent eChecks through the electronic check-processing terminal, with funds to be deposited in the Fifth Third Bank account ending in 6656 held in the name of TOF Group, pursuant to the agreement TOF Energy had with Worldpay. Those eChecks totaled approximately $46 million dollars.

28. Out of the approximate $46 million dollars of fraudulent eChecks attempted, approximately $15.3 million was deposited into the TOF Group's Fifth Third Bank account ending in 6656.

29. As described in more detail below, those funds were quickly transferred from the designated merchant account into other accounts throughout the world.

30. Upon discovering the fraud scheme, Worldpay notified Fifth Third Bank in an attempt to recover the funds. Worldpay was able to recover approximately $2.9 million from Fifth Third Bank.

31. Adelakun, Oyewale, and others associated with TOF Energy and TOF Group illegally obtained approximately $12.4 million dollars as a result of the fraud against Worldpay.

## The Financial Accounts

32. Adelakun, Obianwu, Oyewale, and others associated with the fraud scheme, opened or caused to be opened a series of bank accounts, including, but not limited to:

    a. Fifth Third Bank account number: XXXXXX6656 held in the name of Touch of Fame Group Company ("Fifth Third 6656");

    b. Fifth Third Bank account number: XXXXXX2405 held in the name of Touch of Fame Group Company ("Fifth Third 2405");

    c. Citizens Bank account number: XXXX7788 held in the name of Oyeniran A. Oyewale and Olubunmi Oyewale ("Citizens Bank 7788"); and

11

   d. Citizens Bank account number: XXXX5138 held in the name of For His Glory Project DBF Oyeniran A. Oyewale ("Citizens Bank 5138").

33. The two Fifth Third Bank accounts were solely used by Obianwu to conduct the 329 fraudulent transactions. Once the fraudulent funds were in the accounts, Obianwu would authorize multiple wire transfers to financial institutions both here and abroad, preventing Fifth Third from clawing any of the funds back.

### Fifth Third 6656

34. On June 19, 2018, Obianwu opened Fifth Third 6656 checking account at Fifth Third Bank in Grosse Pointe Park, Michigan, with a $100.00 deposit. The account was opened in the name of Touch of Fame Group Company and Obianwu was the sole signatory on the account.

35. A review of bank records of this account does not show any deposits from Worldpay during the months of June and July 2018. In August 2018, eight deposits from Worldpay were made into Fifth Third 6656 totaling approximately $10,451,689.25, as illustrated in the chart below:

| Date | Amount |
|---|---|
| 8/16/2018 | $349,591.25 |
| 8/17/2018 | $30,323.50 |
| 8/20/2018 | $980,913.00 |
| 8/22/2018 | $1,267,237.00 |
| 8/24/2018 | $1,576,989.75 |
| 8/27/2018 | $1,541,539.25 |
| 8/28/2018 | $2,856,937.00 |
| 8/30/2018 | $1,848,158.50 |

36. A review of bank records of this account for the month of September 2018 shows that two deposits were made from Worldpay to Fifth Third 6656 totaling approximately $4,858,477.00, as illustrated in the chart below:

| Date | Amount |
|---|---|
| 9/5/2018 | $2,275,361.75 |
| 9/6/2018 | $2,583,115.25 |

37. From August 16, 2018 through September 6, 2018, Fifth Third 6656 received approximately $15,301,166.25 in illegally acquired fraudulent funds from Worldpay.

## Fifth Third 2405

38. On July 20, 2018, Obianwu opened Fifth Third 2405 with a $100.00 deposit. The account was opened in the name of Touch of Fame Group Company and Obianwu was the sole signatory on the account.

13

39. Bank records show that there were approximately thirteen transfers from Fifth Third 6656 to Fifth Third 2405 in the month of August 2018 totaling approximately $7,254,000.00, as illustrated in the chart below:

| Date | From | Amount | To |
| --- | --- | --- | --- |
| 8/16/2018 | Fifth Third 6656 | $235,000.00 | Fifth Third 2405 |
| 8/17/2018 | Fifth Third 6656 | $11,000.00 | Fifth Third 2405 |
| 8/20/2018 | Fifth Third 6656 | $100,000.00 | Fifth Third 2405 |
| 8/20/2018 | Fifth Third 6656 | $740,000.00 | Fifth Third 2405 |
| 8/21/2018 | Fifth Third 6656 | $68,000.00 | Fifth Third 2405 |
| 8/22/2018 | Fifth Third 6656 | $1,000,000.00 | Fifth Third 2405 |
| 8/24/2018 | Fifth Third 6656 | $700,000.00 | Fifth Third 2405 |
| 8/27/2018 | Fifth Third 6656 | $50,000.00 | Fifth Third 2405 |
| 8/27/2018 | Fifth Third 6656 | $1,500,000.00 | Fifth Third 2405 |
| 8/28/2018 | Fifth Third 6656 | $100,000.00 | Fifth Third 2405 |
| 8/28/2018 | Fifth Third 6656 | $2,500,000.00 | Fifth Third 2405 |
| 8/30/2018 | Fifth Third 6656 | $200,000.00 | Fifth Third 2405 |
| 8/31/2018 | Fifth Third 6656 | $50,000.00 | Fifth Third 2405 |

40. Bank records show that there were three transfers from Fifth Third 6656 to Fifth Third 2405 in the month of September 2018, totaling approximately $4,750,000.00, as illustrated in the chart below:

| Date | From | Amount | To |
| --- | --- | --- | --- |
| 9/5/2018 | Fifth Third 6656 | $2,200,000.00 | Fifth Third 2405 |
| 9/6/2018 | Fifth Third 6656 | $2,500,000.00 | Fifth Third 2405 |
| 9/10/2018 | Fifth Third 6656 | $50,000.00 | Fifth Third 2405 |

41. Bank records show that for the month of August 2018, there were approximately twenty-four outgoing wires from Fifth Third 2405 totaling approximately $7,388,923.00. The majority of these outgoing

wires went to international destinations, including, but not limited to: Cape Town, Africa; Lagos, Nigeria; and Dubai, United Arab Emirates.

42. In addition to the international wires, five transfers were made from Fifth Third 2405 to Citizens 7788 from August 22, 2018 through September 6, 2018, totaling $548,220.00.

43. As shown in the tables above at ¶39-40, each of these transactions involved over $10,000 of proceeds from a specified unlawful activity.

### Citizens 7788

44. Citizens 7788 was opened on March 13, 2009, by Oyeniran A. Oyewale and Olubunmi Oyewale. Oyeniran Oyewale, Secretary of Touch of Fame, and Olubunmi Oyewale were the only signatories on Citizens 7788. Between August 22, 2018 and September 6, 2018, the following incoming wires were made from Fifth Third 2405 to Citizens 7788, totaling $548,220.00:

| Date | From | Amount | To |
| --- | --- | --- | --- |
| 8/22/2018 | Fifth Third 2405 | $20,000.00 | Citizens 7788 |
| 8/24/2018 | Fifth Third 2405 | $110,000.00 | Citizens 7788 |
| 8/27/2018 | Fifth Third 2405 | $100,000.00 | Citizens 7788 |
| 8/28/2018 | Fifth Third 2405 | $150,220.00 | Citizens 7788 |
| 9/6/2018 | Fifth Third 2405 | $168,000.00 | Citizens 7788 |

45. Each of these transfers involved over $10,000 in proceeds from a specified unlawful activity.

## Citizens 5138

46. On August 26, 2014, Citizens 5138 was opened by Oyeniran Oyewale in the name of For His Glory Project. Oyeniran Oyewale, Secretary of Touch of Fame, was the sole signatory on Citizens 5138.

47. Bank records show that between August 2018 and September 2018, thirteen transfers were made from Citizens 7788 to Citizens 5138, totaling approximately $273,000.00. The following table shows the total monthly transfers:

| Date | From | Amount | To |
| --- | --- | --- | --- |
| August 2018 | Citizens 7788 | $133,000.00 | Citizens 5138 |
| September 2018 | Citizens 7788 | $140,000.00 | Citizens 5138 |

## Claims for Relief

48. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 47.

49. The Defendants *in rem* are forfeitable to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C), as proceeds and/or property traceable to the proceeds of illegal activity, specifically wire fraud in violation of 18 U.S.C. § 1343, and/or pursuant to 18 U.S.C.

§ 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of section 18 U.S.C. § 1957, or any property traceable to such property.

50. 18 United States Code § 984 allows for the civil forfeiture of funds in an account that are identical to the forfeitable property, including property removed and replaced by identical property, so long as the action is commenced within one year of the date of the underlying offense. The underlying offenses of this fraud scheme began when the first fraudulent transaction was deposited from Worldpay to Fifth Third 6656 on August 16, 2018. Any fraudulent transactions deposited into Fifth Third 6656 and any subsequent transfers from Fifth Third 6656 to any of the other accounts described herein after August 2018, then removed and replaced by other funds, are therefore forfeitable pursuant to 18 U.S.C. § 984.

## Conclusion

WHEREFORE, Plaintiff respectfully requests that a warrant for arrest of the Defendants *in rem* be issued; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendants *in rem*

to be condemned and forfeited to the United States for disposition according to law; and, that the United States be granted such further relief as this Court may deem just and proper, together with costs and disbursements of this action.

                                          Respectfully submitted,

                                          Saima S. Mohsin
                                          Actin United States Attorney

                                          <u>s/ Michael El-Zein</u>
                                          Michael El-Zein
                                          Assistant United States Attorney
                                          211 W. Fort Street, Suite 2001
                                          Detroit, MI 48226
                                          (313) 226-9770
                                          michael.el-zein@usdoj.gov
                                          P79182

Dated: September 17, 2021

## **VERIFICATION**

I, John Kraemer, state that I am a Special Agent with the United States Secret Service. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement agents.

John Kraemer, Special Agent
United States Secret Service

Dated: 9/17/21