UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        Case No. 19-cv-12313
                                Honorable Gershwin A. Drain

vs.

Two Hundred Seventy-Two Thousand,
Nineteen Dollars and Sixteen Cents
($272,019.16) in funds from Citizens
Bank Account: 15237788 in the name
of Oyeniran A. Oyewale and Olubunmi
Oyewale; and One Hundred Thirty-Seven
Thousand, One Hundred Sixty-Two
Dollars and Seven Cents ($137,162.07)
in funds from Citizens Bank Account:
23715138 in the name of For His Glory
Project DBF Oyeniran A. Oyewale,

        Defendants *in rem*.

---

**EX PARTE MOTION TO UNSEAL DOCKET BUT KEEPING ECF
NOS. 1, 2, 3, 4, 5, 6, and 7 UNDER SEAL**

---

NOW COMES the United States of America, by and through its undersigned attorneys, and respectfully requests that the docket and Amended Complaint for Forfeiture be unsealed for the purpose of allowing putative claimants to file claims to the seized funds.

## LEGAL AUTHORITY AND DISCUSSION

Federal Courts are empowered to seal documents in appropriate circumstances. *Cf.* Federal Rule of Criminal Procedure 6(e)(4) (permitting sealing of indictments). The Supreme Court has noted that "[e]very Court has supervisory power over its own records and files, and access has been denied where Court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Rule 5 of the Federal Rules of Civil Procedure grants federal Courts supervisory power over the filing of pleadings.

The government requests that the Amended Complaint for Forfeiture be accessible as a public filing on the docket. However, because the Amended Complaint for Forfeiture corrects immaterial statements contained within the initial complaint and is now the operative charging document in this case, the governments requests that the previously filed documents and instant motion remain under seal.

The original Complaint for Forfeiture contains some personal identifiable information that the government no longer considers necessary to its pleadings and has therefore been removed from the

Amended Complaint for Forfeiture. By leaving the original complaint under seal, the personal identifiable information will remain protected, and there will be no confusion as to the operative complaint that putative claimants need to answer when filing a claim. The United States intends to initiate publication and serve the Amended Complaint for Forfeiture on all interested parties as soon as possible after it is unsealed. The government also requests authorization to publicly disclose the date and civil docket number of the original Complaint for Forfeiture, including the defendants *in rem* it was filed against, while the Complaint itself remain under seal should such disclosure be necessary.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Complaint for Forfeiture (ECF No. 1), Application to File Complaint Under Seal and In Camera (ECF No. 2) and Order Allowing the Government to File Forfeiture Complaint Under Seal and In Camera (ECF No. 3), and the subsequent motions and orders to disclose the existence of those documents (ECF Nos. 4-6), continue to be held by the Court *in camera under seal*. Additionally, the government

further respectively requests that this Ex Parte Motion To Unseal Docket But Keeping ECF Nos. 1, 2, 3, 4, 5, 6, and 7 Under Seal, proposed Order, and any Order entered approving the Ex Parte Motion, be held by the Court *in camera under seal*. The government further requests, however, that the docket itself be unsealed, allowing for future public filings to include an Amended Complaint for Forfeiture.

SAIMA S. MOHSIN
Acting United States Attorney

s/ Michael El-Zein
Michael El-Zein
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9770
michael.el-zein@usdoj.gov
P79182

Dated: September 22, 2021