UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CURRENCY $272,019.16 FUNDS FROM CITIZEN BANK ACOUNT NO. XXXX7788 IN THE NAMES OF OYENIRAN A. OYEWALE AND OLUBUNMI OYEWALE, ET AL.,

    Defendants.

_____/

Case No. 19-cv-12313

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER GRANTING: (1) THE GOVERNMENT'S MOTION TO STRIKE ECF NOS. 11, 14, 15, 16, 19, AND 20 [#21], AND (2) THE GOVERNMENT'S MOTION TO STRIKE ECF NOS. 11, 14, 15, 16, 19, 20, 23, 24, 25, AND 26 [#27]**

**I. INTRODUCTION**

On September 17, 2021, the United States of America (the "Government") commenced this civil forfeiture action against Defendants Currency $272,019.16 funds from Citizens Bank Account No. XXXX7788 in the names of Oyeniran A. Oyewale and Olubunumi Oyewale, and Currency $137,162.07 in funds from Citizens Bank Account No. XXXX5138 in the name of For His Glory Project DBF Oyeniran A. Oyewale (the "Defendants"). ECF No. 8, PageID.39. The

-1-

Government alleges it seized the assets as a result of wire fraud and money laundering violations. *Id.* at PageID.40.

Presently before the Court is the Government's Motions to Strike [#21, #27], filed on December 7, 2021, and March 29, 2022, respectfully. Oyeniran A. Oyewale—a party of interest in this case—submitted a Response in Opposition to the Government's first Motion to Strike on March 28, 2022. ECF No. 26, PageID.261. Another party of interest—Jyde Adelakun—filed a Response in Opposition to the Government's second Motion to Strike on March 30, 2022. ECF No. 28, PageID.315. The Government submitted no Reply Brief to either Response. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the matter's disposition. Therefore, the Court elects to resolve Defendant Am Trans' Motion on the briefs. E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court will GRANT the Government's Motions to Strike.

## II. Factual Background

The Government initiated this civil forfeiture action in response to a fraud scheme. In September 2018, Fifth Third Bank contacted United States Secret Service ("USSS") about an international payment processing company, Vantiv Worldpay ("Worldpay") committing fraud. ECF No. 8, PageID.44. The suspected fraud was reported in excess of $15,000,000.00, resulting in Worldpay losing an

excess of $12,000,000.00. *Id.* The USSS opened an investigation into the alleged fraud, which uncovered a wire fraud and money laundering operation led by two companies. *Id.* The companies exploited a loophole in Worldplay's electronic check processing system. *Id.*

The CEO of both companies that allegedly committed the fraud was Mr. Adelakun. *Id.* Mr. Oyewale is listed as one of the company's secretaries. *Id.* at PageID.45. Both individuals have *pro se* motions pending before the Court. ECF Nos. 16, 19, 23, 24, 25, 29.

When Worldpay discovered the fraud scheme, it notified Fifth Third Bank to recover the funds. ECF No. 8, PageID.49. Worldpay recovered approximately $2,900,000.00 from the Bank. *Id.* The Government alleges Mr. Adelakun, Mr. Oyewale, and others involved in the scheme illegally obtained about $12,400,000 in total from their fraudulent endeavors. *Id.* Some of the funds were held in Citizens Bank. Two Citizens Bank accounts—Citizens Bank 7788 and Citizens Bank 5138—used in the fraud scheme are at issue in this civil forfeiture action. *Id.* at PageID.49–50. Both accounts were held in Mr. Oyewale's name. *Id.* The Government seized Defendants *in rem* as a result of its investigation.

The Government served Mr. Oyewale's attorney with the Complaint for Forfeiture, Warrants of Arrest and Notice in Rem, on November 15, 2021. ECF No. 18, PageID.186. Included in the Warrant of Arrest were instructions for

interested parties to file a claim within thirty-five days of service, if they wished to become a claimant in this action. ECF No. 10, PageID.65. The Government later indicated "[a]ny person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from … November 10, 2021" along with "an Answer to the Complaint" by "fil[ing] with the Clerk of the Court" in the Eastern District of Michigan. ECF No. 22, PageID.229. Neither Mr. Oyewale nor Mr. Adelakun ever filed timely verified claims under the requirements.[1]

### III. LAW AND ANALYSIS

Statutory and Article III standing are threshold issues in a civil forfeiture action. *See United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 349 (6th Cir. 2017); *see also United States v. Four Thousand Two Hundred Seventy-Eight Dollars*, No. 12-10253, 2014 U.S. Dist. LEXIS 94967, at *8 (E.D. Mich. July 14, 2014). To assert Article III standing, potential claimants "must have colorable ownership, possessory or security interest in at least a portion of the defendant

---

[1] Mr. Oyewale and Mr. Adelakun have filed *pro se* motions in this matter and other civil forfeiture actions in the Eastern District of Michigan. On November 18, 2021, Judge Murphy III enjoined Mr. Adelakun from filing additional pleadings, requiring him to seek leave from the Court before making additional filings. *See In re: Search/Seizure Warrant*, 20-mc-50585, ECF No. 28 (E.D. Mich. Nov. 18, 2021). The Court later enjoined Mr. Oyewale as well for similar behavior. *Id.* at ECF No. 33, PageID.585–586.

property." *See United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998). Likewise, parties establish statutory standing by satisfying requirements under 18 U.S.C. § 983(a)(2)(B) and Supp. R. G(5) to file a claim. *Id.* The person with an interest in the property subject to forfeiture must "sign his claim under penalty of perjury" for the Court to consider the claim verified. *See* Supp. R. G(5); *see also United States v. One Men's Rolex Pearl Master Watch*, 357 F. App'x 624, 628 (6th Cir. 2009).

Supplemental Rule G(5) requires parties holding an interest in the disputed property to file a claim "by the time stated in a direct notice sent under Rule G(4)(b)." Interested parties have a 35-day deadline from the date the Government circulated its notice of forfeiture. *See* Supp. R. G(5)(b)(ii)(B); *see also* Supp. R. G(4)(b)(ii)(B). Section 983(a)(2)(B) further provides that a claim "may be filed no later than the deadline set forth in a personal notice letter," which was 60 days here. *See* ECF No. 22.

Applied here, none of the nonparties established Article III standing or statutory standing to assert an interest in Defendants *in rem* because they have not filed timely verified claims. On November 9, 2021, the Government served Mr. Adelakun and Mr. Oyewale, informing them that they had 35 days to state claims. ECF No. 10, PageID.65; ECF No. 18, PageID.184. Both interested parties had 60 days from November 10, 2021, to submit claims as well. Neither individual

submitted any claims under penalty of perjury. The Sixth Circuit "require[s] strict compliance with" claimants making claims under penalty of perjury. *One Men's Rolex Pearl Master Watch*, 357 F. App'x at *2 (citing *United States v. Currency $267,961.07*, 916 F.2d 1104, 1108 (6th Cir. 1990)). Both Mr. Adelakun and Mr. Oyewale lack standing to file pleadings in the present dispute by not following the claim requirements. Accordingly, the Court will GRANT both of the Government's motions.

## IV. CONCLUSION

For the reasons discussed herein, the Court will GRANT: (1) the Government's Motion to Strike ECF Nos 11, 14, 15, 16, 19, AND 20 [#21], and (2) the Government's Motion to Strike ECF Nos 11, 14, 15, 16, 19, 20, 23, 24, 25, AND 26 [#27]. The Court strikes these documents.

**IT IS SO ORDERED.**

Dated: September 22, 2022         /s/ Gershwin A. Drain
                                  GERSHWIN A. DRAIN
                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 22, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager